UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

   v.

**SIXTY-SEVEN THOUSAND SEVEN
HUNDRED THIRTY-SEVEN AND
00/100 DOLLARS ($67,737.00) IN
UNITED STATES CURRENCY, et al.,**

      **Defendants.**

      Case No. 2:12-cv-740
      **JUDGE GREGORY L. FROST**
      Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion for summary judgment filed by Plaintiff (ECF No. 30), a memorandum in opposition filed by claimant the Estate of Robert F. Kelly IV (ECF No. 33), and a reply memorandum filed by Plaintiff (ECF No. 34).  For the reasons that follow, this Court finds the motion well taken.

**I.  Background**

In 1996 to 1997, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") conducted an investigation involving Robert F. Kelly IV.  This investigation involved the execution of search warrants of two residences that Kelly had, which resulted in the recovery of marijuana and various stolen items.  A consequent criminal case involved the filing of charges against Kelly, who entered into a plea agreement under which he pled guilty to one count of possession of two machine guns and one count of possession with intent to distribute marihuana.  As part of the sentence he received, Kelly could not subsequently possess a firearm or destructive device.

In 2009, ATF agents received information from various individuals that Kelly was again involved in selling narcotics and that he was in possession of firearms.  The related ATF investigation resulted in the November 2010 execution of a search warrant at Kelly's residence at 11589 Darby Creek Road in Orient, Ohio.  ATF agents seized numerous firearms and assorted ammunition, in addition to marijuana and currency.  As a result of this investigation criminal charges were filed against David Shope, an individual who lived in an apartment at the Darby Creek address.  Shope entered into a plea agreement under which he pled guilty to conspiracy to distribute 100 kilograms or more of marihuana and possession of a firearm in furtherance of a drug trafficking crime.  Notably, the Indictment against Shope also contained two forfeiture allegations, and as part of his plea agreement, Shope agreed to the forfeiture of $115,000.00 in U.S. Currency and 56 firearms and ammunition.  A preliminary order of forfeiture was entered on May 18, 2012.

In July 2012, however, Robert F. Kelly III filed a petition contesting the preliminary order of forfeiture.  He was acting as administrator for the estate of Robert F. Kelly IV, who had died on October 22, 2011.  Plaintiff thereafter filed the instant action in August 2012.  Excluding currency and property in which Shope advised he had an interest, Plaintiff asserts that $67,737.00, 52 firearms, and ammunition seized during the execution of the November 2010 search warrant are subject to forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 924(d)(1).  The Estate of Robert F. Kelly IV ("the Estate") claims an interest in this currency and property.  Plaintiff has filed a motion for summary judgment.  (ECF No. 30.)  The parties have completed briefing on the motion, which is ripe for disposition.

## II.  Discussion

**A. Standard involved**

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

As a threshold matter, the Court notes that there is no dispute over the underlying facts supporting today's forfeiture. These facts, as summarized in Plaintiff's memorandum in support of its motion for summary judgment and supported by the summary judgment evidence Plaintiff

offered in connection with that motion, establish that the $67,737.00 is currency that constitutes money furnished or intended to be furnished in exchange for a controlled substance, that represents the proceeds of trafficking in a controlled substance, or that was currency used or intended to be used to facilitate qualifying criminal violations. Similarly, these facts establish that convicted felon Robert F. Kelly IV possessed the 52 firearms and ammunition. Plaintiff has therefore met its burden under 18 U.S.C. § 983(c)(1) of proving by a preponderance of the evidence that the property involved in this case is subject to forfeiture. Given the lack of a factual disagreement, this Court need not and will not repeat those facts here but will instead turn to what is in dispute.

This case turns on whether a forfeiture is even possible and on whether the Estate is an innocent owner under 18 U.S.C. § 983. That statute provides in relevant part that "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). The statute defines an "innocent owner" in relation to a property interest in existence at the time the illegal conduct took place as "an owner who . . . did not know of the conduct giving rise to the forfeiture" or who "upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property." 18 U.S.C. § 983(d)(2)(A)(i)-(ii). The statute then defines an "innocent owner" in relation to a property interest acquired after the time the illegal conduct took place as "a person who, at the time that person acquired the interest in the property . . . was a bona fide purchaser or seller for value . . . and . . . did not know and was reasonably without cause to believe that the property was subject to forfeiture." 18 U.S.C. § 983(d)(3)(A)(i)-(ii). A claimant asserting innocent owner status bears the burden of proving that defense by a preponderance of the

4

evidence. 18 U.S.C. § 983(d)(1).

The Estate first argues that no forfeiture is possible because a forfeiture in this action would be penal in nature and therefore within the rule of nonsurvivability. In other words, the Estate argues that because this forfeiture action does not survive the death of Robert F. Kelly IV, the Estate cannot be penalized and the property cannot be forfeited. The Estate concludes that because it cannot be held liable for any illegal activity by Robert F. Kelly IV, it thus qualifies as an innocent owner.

As Plaintiff correctly notes in its reply memorandum, the Estate's analysis tracks the reasoning of *United States v. $47,409.00 in U.S. Currency*, 810 F. Supp. 919 (N.D. Ohio 1993), but that rationale has been recognized as abrogated by Supreme Court precedent. *See United States v. Land, Winston Cnty.*, 221 F.3d 1194 (11th Cir. 2000). The Estate thus overlooks authority establishing that a § 881(a) civil forfeiture action is generally remedial in nature. *See United States v. Ursery*, 518 U.S. 267, 278, 288-92 (1996) (analyzing congressional intent and the nature of § 881 forfeitures for double jeopardy purposes); *United States v. Chambers*, 121 F.3d 710, 1997 WL 441801, at *6 (6th Cir. 1997) (unpublished table decision) ("a true *in rem* civil forfeiture is not an additional penalty for the commission of a criminal act, but rather is a separate civil sanction, remedial in nature"). *See also United States v. Certain Real Prop. 566 Hendrickson Blvd., Clawson, Oakland Cnty., Mich.*, 986 F.2d 990, 998-99 (6th Cir. 1993). More specifically, the § 881(a)(6) forfeiture of currency constituting drug-trafficking proceeds has been held to be remedial in nature. *United States v. $129,727.00 U.S. Currency*, 129 F.3d 486, 493 (9th Cir. 1997). Similarly, the forfeiture of firearms that were illegally possessed has also been recognized as remedial in nature. *United States v. Boles*, 1 F. App'x 182, 183 (4th Cir.

2001) (citing *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364 (1984)).

Moreover, a remedial civil forfeiture does not abate with death. *See United States v. Land, Winston Cnty.*, 221 F.3d at 1199. Rather, "[t]he claim of an administrator of a claimant's estate derives from the deceased claimant, and the administrator can only assert defenses that would have been available to the deceased claimant." *United States v. 133 Firearms with 36 Rounds of Ammunition*, No. 2:08-cv-1084, 2012 WL 511287, at *8 (S.D. Ohio Feb. 15, 2012) (citing *United States v. Real Prop. Located at 265 Falcon Rd.*, Civil NO. 08–700–JPG, 2009 WL 1940457 at *6 (S.D. Ill. July 7, 2009); *Hopper v. Nicholas*, 106 Ohio St. 292, 302, 140 N.E. 186, 189 (1922); *Kelley v. Buckley*, 193 Ohio App. 3d 11, 33, 950 N.E.2d 997, 1013 (Ohio App. 8th Dist. 2011)). Also important is that "the estate cannot raise defenses which might be available for individuals who stand to inherit from the estate." *Id.* (citing *United States v. 164 Pieces of Jewelry*, 785 F. Supp. 885, 889 (D. Or. 1991).

The Estate also argues that, even if the forfeiture is survivable, the Estate qualifies as an innocent owner under 18 U.S.C. § 983(d)(3)(A) in regard to the $67,737.00. The Estate posits that neither Robert F. Kelly III nor the heirs of Robert F. Kelly IV had any knowledge of any illegal activity related to the currency. The Estate argues that this money in fact transferred upon the death of Robert F. Kelly IV, predating any forfeiture of estate assets.

Plaintiff points out in its reply memorandum that the Estate has again relied on outdated law. Two cases upon which the Estate primarily relies upon in making its argument involved the federal forfeiture statutory scheme prior to the 2000 amendments that repealed various provisions and created § 983(d). Proceeding under the applicable statutory scheme, the Estate cannot prevail under § 983(d)(2) because there was no interest in the property at the time the

illegal conduct giving rise to the forfeiture took place. Robert F. Kelly, IV, was still alive at that time, and no one is the heir of a living person. *United States v. 133 Firearms with 36 Rounds of Ammunition*, 2012 WL 511287, at *8 n.2 (citing *Slaughter v. Fitzgerald*, 66 Ohio App. 53, 67, 31 N.E.2d 744, 750(1939)); *see also United States v. 477 Firearms*, 698 F. Supp. 2d 894, 900-01 (E.D. Mich. 2010). Nor can the Estate or the heirs prevail under § 983(d)(3) because there is no bona fide purchaser for value for the property. *United States v. 133 Firearms with 36 Rounds of Ammunition*, 2012 WL 511287, at *8 & n.2.

In summary, Plaintiff has met its burden by presenting undisputed evidence establishing a right to the forfeiture of the currency and other property involved in this case, while the Estate has failed to meet its consequent burden of establishing qualification as an innocent owner under the defenses provided in § 983. Plaintiff is therefore entitled to summary judgment.

### III. Conclusion

This Court **GRANTS** Plaintiff's motion for summary judgment. (ECF No. 30.) The $67,737.00, 52 firearms, and ammunition shall be forfeited to Plaintiff. Plaintiff shall submit a proposed order on or before December 30, 2013, that identifies the property to be forfeited and effectuates the forfeiture.

**IT IS SO ORDERED**.

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE